IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alonzo Neil Brown, ) | |
| ) | Civil Action No.: 4:15-cv-3506-RMG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| J. Meeks, Warden FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Petitioner's claims submitted pursuant to 28 U.S.C. § 2241 be dismissed without prejudice and without requiring a response from Respondent. (Dkt. No. 13). For the reasons stated below, the Court agrees and adopts the R & R as the order of the Court.

### Background

Petitioner is a federal prisoner incarcerated at Federal Correctional Institute Williamsburg. On August 31, 2015, he filed this *pro se* petition a alleging that he was improperly sentenced and convicted as an armed career criminal. This matter was referred to a Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for all pretrial proceedings. The Magistrate Judge reviewed the petition under the Rules Governing § 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The Magistrate Judge then filed an R & R on October 28, 2015, recommending that the petition be

---

[1] The Rules Governing Section 2254 are applicable to habeas actions under § 2241. *See* Rule (1)(b).

1

dismissed without prejudice and without requiring a response from Respondent. (Dkt. No. 13). Petitioner has not filed timely objections to the R & R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court is mindful of Petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g.*, *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Law/Analysis

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss the Petitioner's § 2241 petition for a writ of habeas corpus because Petitioner is a federal prisoner and fails to satisfy the requirements of the "savings clause" of § 2255. 28 U.S.C. § 2255(e).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v.*

*Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Petitioner may only pursue his claim under § 2241 if he can satisfy the "savings clause."

"To trigger the § 2255(e) savings clause, Petitioner must show that (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *See Cochran v. English*, No. CA 1:13-676-RMG, 2013 WL 2897013, at *2 (D.S.C. June 13, 2013) (quoting *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)) (internal quotation marks omitted).

Prisoner was found guilty of being a felon in possession of a firearm, determined to be an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. §4B1.B, and sentenced to 190 months' imprisonment. To support his § 2241 petition, Petitioner cites the Supreme Court's decision in *Johnson v. United States*, in which the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminals Act violates due process. 135 S. Ct. 2551 (2015). But aside from providing this citation, Petitioner makes no factual argument that the conduct for which he was convicted has since been deemed non-criminal. Instead, the argument challenges the legal classification of the underlying offenses that enhanced his sentence. This type of argument is insufficient to satisfy § 2255's savings clause. *See United States v. Surratt*, 797 F.3d 240, 250 (4th Cir. 2015).

3

## Conclusion

After review of the record, the Magistrate Judge's R & R, and the applicable law, the Court finds that the R & R accurately portrays the applicable legal and factual issues presented by this petition. Therefore, the Court adopts the R & R as the order of the Court and DISMISSES Petitioner's § 2241 petition without prejudice and without requiring a response from Respondent.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 20, 2015
Charleston, South Carolina